# Ollet, Appellant, *v.* Pittsburg, Cincinnati, Chicago and St. Louis Railway Company.

*False imprisonment—Railroad—Evidence.*

Where a boy seventeen years old is injured by a freight train on a railroad, and is taken to a private house in the immediate vicinity of the accident, and from there the boy sends messengers to his father's house and to the house of his father's physician, both of which are one or two miles away with muddy roads intervening, and before the messengers return, the crew of the freight train, against the protest of the boy, take him first to a station where the railroad company's physician resides, and thereafter to a hospital, and it appears that the seriousness of the boy's injuries called for great haste, the railroad company cannot be held liable in damages for a false imprisonment.

Argued Nov. 4, 1901.   Appeal, No. 114, Oct. T., 1901, by plaintiff, from order of C. P. No. 2, Allegheny Co., Oct. T., 1899, No. 468, refusing to take off nonsuit, in case of Thomas Ollet, by his father and next friend, Henry W. Ollet, v. Pittsburg, Cincinnati, Chicago & St. Louis Railway Company.  Before MITCHELL, DEAN, FELL, BROWN, MESTREZAT and POTTER, JJ.   Affirmed.

Trespass for an alleged unlawful imprisonment.  Before SHAFER, J.

At the trial the court entered a compulsory nonsuit which it subsequently refused to take off, SHAFER, J., filing the following opinion :

The action is for false imprisonment.  The plaintiff was a boy seventeen years of age, and while endeavoring to climb upon a freight train of the defendant company fell from it. The wheel ran over his foot, crushing the front part of it.  He was immediately taken to a private house, the only one in the neighborhood, and the crew of the freight train on which he was injured having run to Carnegie, a distance of one or two miles, came back again to the house with the engine, and finding the boy in the house, and no one present except a young woman who lived there, took him on the engine to Carnegie, where the company's physician was in attendance.  An uncle of the boy who lived in Carnegie was also at the station when

the boy was brought there, and upon the advice of the company's doctor, and accompanied by the uncle, he was taken to the West Penn Hospital, where his foot was afterwards amputated.

At the time of the accident one or more other boys were present, and one of them had gone to Carnegie to call the family physician of the boy's father, and another had gone to the house of the boy's father to call him, the distance to each being a mile or two, and the roads being very muddy. When the crew of the train got to the house they were told by the boy that his family physician had been sent for, and that he did not want to go to the hospital, but they insisted that he should; carried him out; put him on the tender of the engine. This removal of the boy from the house by the railroad to Carnegie, and thence to the hospital is the false imprisonment complained of.

That the crew of the train, in doing what they did, were endeavoring to act the part of the good Samaritan is perfectly plain, and we do not see how a jury could be allowed to find otherwise from the evidence. The circumstances certainly seemed to call for great haste, and one who endeavors to assist his neighbor who is in great danger and distress is certainly not liable for a mistake in judgment; nor does there appear to have been any such mistake made in this case.

In addition, we do not see how the railroad company could be held liable for a false imprisonment on these acts of its employees, which were certainly not done within the scope of their employment, which was that of a crew of a freight train.

The motion to take off the nonsuit is refused.

*Error assigned* was the order of the court refusing to take off the nonsuit.

*A. G. Smith*, with him *E. L. Kearns*, for appellant.

*Wm. S. Dalzell*, of *Dalzell, Scott & Gordon*, for appellee, was not heard.

PER CURIAM, January 6, 1902:

This judgment is affirmed on the opinion of the court below refusing to take off the nonsuit.